NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RICHARD JAMES SCHWAN, *Appellant.*

No. 1 CA-CR 24-0621

FILED 02-27-2026

Appeal from the Superior Court in Yavapai County
No. S1300CR202380380
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Mendoza/Jakobe Law LLC, Phoenix
By Carissa A. Jakobe
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

**J A C O B S**, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for Richard Schwan has advised this Court that she found no arguable questions of law and asks us to search the record for fundamental error.  Schwan was convicted of two counts of aggravated driving under the influence with a suspended driver's license.  Schwan was given an opportunity to file a supplemental brief but has not done so.  After reviewing the record, we affirm Schwan's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Schwan.  *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

### A.        Officers Arrest Schwan and Investigate Whether He Was Intoxicated.

¶3        On July 17, 2023, two officers of the Camp Verde Marshal's Office responded to 911 calls from an RV community reporting someone allegedly violating a court order of protection and expressing a desire to commit "suicide by cop."  Upon arrival, the officers spoke with two witnesses, one of whom identified Schwan as the subject of the 911 calls and the driver of a vehicle moving through the RV community.  The officers chased the vehicle and ordered the driver to stop and exit, which he did.  They confirmed Schwan was the driver after he furnished his driver's license.  Schwan admitted driving the vehicle.

¶4        As the officers spoke with Schwan and witnesses, they learned Schwan was never served with the order of protection, so they had it brought to the scene and served it.  They also called mental health professionals from Spectrum Healthcare.

¶5        While waiting for Spectrum personnel to arrive, the officers talked to Schwan.  They noticed indicators of intoxication, including mood swings, lack of balance, slurred speech, and disheveled appearance. Schwan also told them he had been drinking earlier in the day.  When Schwan asked for cigarettes from the vehicle and let officers retrieve them, the officers saw empty bottles of alcohol on the passenger-side floor of the vehicle.

¶6             After Spectrum personnel arrived and then left, the officers conducted a "basic DUI investigation," including "standardized field sobriety tests" and a "horizontal gaze nystagmus" (HGN) test. Observing those tests, the officers concluded Schwan exhibited signs of intoxication and arrested him for DUI. At the Marshal's Office, one officer used an Intoxilyzer 8000 to conduct two breathalyzer tests on Schwan. One test was aborted after the officer misread the results, but the second test revealed Schwan's blood alcohol content was over .08.

**B.     Schwan Is Represented During Pre-Trial Proceedings.**

¶7             The state charged Schwan with two counts of aggravated driving under the influence with a suspended license — one count for intoxication to the slightest degree, and one count for BAC of .08 or more. The state also alleged one aggravating circumstance: that Schwan committed the two DUI offenses while on probation for conviction of a prior felony DUI offense.

¶8             Schwan appeared and was represented at his bail eligibility hearing, early disposition court proceedings, arraignment, and all other pre-trial conferences and hearings. He was present and represented at a Rule 17.4 settlement conference/*Donald* advisement, where he received and rejected the state's plea offer.[1] He was present and represented at the evidentiary hearing on his motion to suppress certain evidence he alleged was obtained via his illegal seizure. And he was present and represented when the court held a Rule 609 impeachment hearing and a voluntariness hearing related to statements he made to the officers.

**C.     Trial**

**1.     Counts 1 and 2 — Aggravated Driving Under the Influence While License Suspended**

¶9             Schwan's trial on counts 1 and 2 began on August 14, 2024, and lasted through October 16, 2024. Schwan appeared and was represented by counsel throughout.

¶10            The state presented the testimony of Cody Fant and Joseph Van Horn, the responding officers of the Camp Verde Marshal's Office. Their testimony established that Schwan: was driving a vehicle; showed

---

[1] A *Donald* advisement is an on-the-record determination that a defendant has been advised of any proposed plea agreement, its terms and potential consequences. *See State v. Donald*, 198 Ariz. 406, 413 ¶ 14 (App. 2000).

signs of intoxication; failed certain field sobriety tests; stated he had been drinking; was arrested for DUI; and was administered two breathalyzer tests, the second of which showed blood alcohol content over .08. Daniel Jacobs, a Quality Assurance Specialist with the Camp Verde Marshal's Office, testified Schwan's second breathalyzer test showed a BAC between .157 and .175. To demonstrate the accuracy of the test, the state called Erin Boone, a forensic scientist with the Toxicology Unit of the Arizona Department of Public Safety Crime Lab. She testified the Intoxilyzer 8000 was functioning properly and produced accurate results. She also testified that, based on her retrograde analysis from the time of the breathalyzer test, Schwan's BAC was between .172 and .202 within two hours of driving. Finally, the state called Gerald Yocum, a custodian of records for the Arizona Department of Transportation. Yocum testified Schwan's notice of the suspension of Schwan's license was mailed to him on February 17, 2023, and that the license remained suspended on July 17, 2023.

¶11 The jury found Schwan guilty of both counts.

### 2. Phase 2 — Aggravating Circumstance

¶12 The court then proceeded to the second phase of the trial, where the state alleged the aggravating circumstance that Schwan committed his offenses while on probation for a prior felony conviction. Kathryn Adams, a Senior Probation Officer for Yavapai County, testified Schwan was convicted of a 2015 felony, that his probation became unsupervised in 2018 and was ongoing on July 17, 2023, and that she was responsible for overseeing his probation. She also testified Schwan signed court documents outlining the terms of his probation, including its length. The jury unanimously found the aggravating circumstance.

### 3. Hearing on Prior Convictions

¶13 The court next held a hearing on Schwan's alleged prior felony convictions. Susan Moore, an evidence technician in the Yavapai County Sheriff's Office trained to analyze court documents and fingerprints, testified that court documents from four prior felony convictions contained fingerprints matching Schwan's. The court found the four prior offenses proven, making Schwan a Category 3 offender.

### 4. Sentencing

¶14 The court conducted the sentencing hearing in compliance with Schwan's constitutional rights and Arizona Rule of Criminal Procedure 26. The court sentenced Schwan to two concurrent ten-year

sentences (with 469 days credit) for the 2023 DUI offenses, the presumptive terms under the Criminal Code Sentencing Chart, and to 2 years supervised probation (with 159 days credit) for violating the terms of his probation from his 2015 felony conviction. The court also imposed financial sanctions: a $65.00 per month probation fee, a $20.00 time payment fee, a $25.00 attorney fee, a $20.00 probation assessment fee, a $13.00 crime penalty assessment, $2.00 and $9.00 victims' rights assessments, an aggravated DUI fine of $750.00 plus a 79 percent surcharge, a $1,500.00 prison construction fee, a $1,500.00 public safety equipment fund, a $4.00 peace officer training equipment fund assessment, and a $250.00 DUI abatement charge.

## DISCUSSION

**¶15**      We review Schwan's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Schwan has advised this Court that after a diligent search of the entire record, counsel has found no arguable questions of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Schwan at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Schwan's convictions and sentences.

## CONCLUSION

**¶16**      We affirm. Upon the filing of this decision, defense counsel shall inform Schwan of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Schwan shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      JR